**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FARLAND L. GILLIEHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:23-cv-01088-HEA |
| ) | |
| ST. LOUIS COUNTY JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Farland L. Gilliehan, a pretrial detainee at St. Louis County Detention Center, for leave to commence this action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee $21.27. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court will stay and administratively close this action pursuant to the Supreme Court case of *Wallace v. Kato*, 549 U.S. 384 (2007), based on the pendency of an underlying criminal case against plaintiff that arises out of the same facts.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. §1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. §1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has filed with the Court a ledger of his credits and debits at the St. Charles County Jail for the six months preceding the filing of his lawsuit. Based on the ledger entries, plaintiff's average monthly deposit is $106.34. The Court will assess an initial partial filing fee of $21.27, which is 20 percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating that court must accept factual allegations in complaint as true, but is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

## Background[1]

On March 11, 2021, a criminal complaint was filed against plaintiff in St. Louis County Circuit Court charging plaintiff with robbery in the first degree, burglary in the second degree, and felony stealing. *See State v. Gilliehan*, No. 21SL-CR01055 (21st Jud. Cir., St. Louis County). Plaintiff was served with a warrant for his arrest on April 21, 2021, and bond was set at $50,000 on April 28, 2021. *Id.* He was then incarcerated at the St. Louis County Justice Center.

On May 10, 2021, attorney Richard Hereford entered his appearance in the case on behalf of plaintiff after attorney Dan Buran withdrew. However, Richard Hereford withdrew from representing plaintiff on May 26, 2021 and attorney Michael Hufty entered his appearance on plaintiff's behalf. On June 7, 2021, attorney Michael Hufty moved to withdraw as plaintiff's counsel. After an indigency hearing on August 12, 2021, plaintiff was assigned Missouri Public Defender Tiffany Walker as his counsel.

A grand jury indictment was filed on September 9, 2021, charging plaintiff with the same charges as those in the criminal complaint. *See State v. Gilliehan*, No. 21 SL-CR01055-01 (21st

---

[1] This background section is taken largely from another § 1983 action filed by plaintiff in this Court against several individuals involved in his arrest, incarceration, and criminal prosecution in St. Charles County. *See Gilliehan v. St. Charles Cty Ct.*, No. 4:23-cv-1022-RLW (E.D. Mo. Jan. 5, 2024).

Jud. Cir., St. Louis County), and plaintiff was formally arraigned on September 15, 2021. A jury trial is currently set for June 10, 2024.

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, naming the following defendants: St. Louis County Justice Center; St. Louis County Court Attorney; Doug Burris (Director, St. Louis County Justice Center); John F. Newsham (Judge); Linda Colburn (victim of the crime); Richard Hereford (attorney); Richard M. Stewart (Judge); Katie Exline (Police Officer); Andrew Wrenn (Prosecuting Attorney); Amand Bundren McNelly (Judge); Joshua Eric Lubatkin (Prosecuting Attorney); and Mia Tani Griffin (attorney). Plaintiff indicates that he sues defendant Judge John Newsham in his individual and official capacities. He does not state in what capacity he brings this action against the remaining defendants.

Plaintiff filed this action on August 28, 2023. At that time he was a pretrial detainee being held at the St. Charles County Detention Center. On December 13, 2023, he was convicted in St. Charles County Circuit Court in *State v. Gilliehan*, No. 2111-CR01292-01 (11th Jud. Cir., St. Charles County). Plaintiff is currently being held in the St. Louis County Justice Center awaiting trial in *State v. Gilliehan*, No. 21SL-CR01055-01 (21st Jud. Cir., St. Louis County).

The current action relates to plaintiff's arrest and confinement in his St. Louis County case. He alleges he was held by defendant Director Doug Burris on a false arrest warrant issued on March 11, 2021. He states he never saw the warrant. He also alleges that he was hurt when he was arrested on March 11, 2021, but does not specify any injury. Plaintiff alleges Judge Newsham "was keeping a confidential relationship with the victim [who is an attorney] Linda Colburn and [plaintiff's former] attorney Richard P. Hereford." He states he was never issued the arrest warrant or probable cause statement.

In addition to the alleged false arrest claims, plaintiff alleges Judge Newsham was a former law school friend of the victim of his crime, attorney Linda Colburn. He states Ms. Colburn was an attorney who practiced in the St. Louis and St. Charles County Courts and "knew everyone in St. Louis County Court." Plaintiff complains that Judge Newsham did not recuse himself from the case, and implies that being a former classmate with the victim of the crime is grounds for recusal. Plaintiff states that he sent a letter to the "Commission Removal Discipline" regarding Judge Newsham on December 30, 2021 to report this alleged ethical violation. Plaintiff states that Judge Newsham was removed from overseeing the case because of a conflict of interest.

After his removal from the case, apparently Judge Newsham covered a hearing in plaintiff's case on April 15, 2022 because the presiding Judge, Amanda Bundren McNelly was out for the day. Plaintiff states that his "due process was den[ied] there was no good cause show[n] this case to continuing beyond that day of conflict [of] interest and ethical violations. Plaintiff suffer[ed] cruel [and] unusual punishment, mental stress, false incarceration, loss of finance[s] (28 months) and still going on to this day."

## Discussion

In *Wallace v. Kato*, the Supreme Court observed that it was common practice in § 1983 actions to stay the civil proceedings until the criminal case had ended. *Wallace*, 549 U.S. 384, 393-94 (2007). The Court explained that where a plaintiff files a claim before he is convicted, and that claim is related to rulings that will likely be made in a pending or anticipated criminal trial, "it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Id*. Otherwise, the court and the parties are left to "speculate about whether a prosecution will be brought, whether it will result in conviction, and whether the impending civil action will impugn that verdict, all this at a time

when it can hardly be known what evidence the prosecution has in its possession." *Id.* at 393 (internal citation omitted).

Plaintiff's underlying criminal case is pending in St. Louis County and is set for a jury trial on June 10, 2024. Plaintiff's § 1983 action is based on the many of the same facts and circumstances giving rise to his criminal charges. Additionally, his allegations regarding ethical conflicts among the Court and its attorneys relate to rulings that "will likely be made in a pending or anticipated criminal trial." *Wallace*, 549 U.S. at 393. As such, the principles of *Wallace v. Kato* dictate that further consideration of plaintiff's § 1983 claims should be stayed until the underlying criminal matter against plaintiff has been resolved through criminal proceedings. *See, e.g., Vonneedo v. Dennis*, No. 1:17-CV-183 NAB, 2017 WL 5904005, at *2 (E.D. Mo. Nov. 30, 2017) (staying § 1983 case alleging unconstitutional search and seizure under principles articulated in *Wallace v. Kato*); *Anderson v. Robinson*, No. 4:12-CV-967 CAS, 2013 WL 4502598, at *1 (E.D. Mo. Aug. 22, 2013) (same).

Additionally, a stay or abstention until resolution of the criminal matter would be appropriate because a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence, unless the conviction or sentence is reversed, expunged or called into question by issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that the plaintiff must pay an initial filing fee of $21.27 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that all proceedings in this case are **STAYED** pending final disposition of the criminal and post-conviction proceedings against plaintiff relating to his criminal case *State v. Gilliehan*, No. 21SL-CR01055-01 (21st Jud. Cir., St. Louis County).

**IT IS FURTHER ORDERED** that plaintiff shall notify the Court in writing concerning the final disposition of the criminal charges pending against him in *State v. Gilliehan*, No. 21SL-CR01055-01 (21st Jud. Cir., St. Louis County).

**IT IS FURTHER ORDERED** that this case is **ADMINISTRATIVELY CLOSED** pending final disposition of the criminal proceedings pending against plaintiff in *State v. Gilliehan*, No. 21SL-CR01055-01 (21st Jud. Cir., St. Louis County). This case may be reopened by plaintiff's filing of a motion to reopen the case after such final disposition.

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel is **DENIED as moot**. [ECF No. 4]

Dated this 31st day of January, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE