UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FARLAND L. GILLIEHAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:23-cv-01088-HEA |
| ST. LOUIS COUNTY JUSTICE CENTER, et al., | ) |
| Defendants. | ) |

**OPINION, MEMORANDUM AND ORDER**

This administratively closed, civil matter is before the Court on self-represented plaintiff Farland L. Gilliehan's motion to reopen this case (ECF No. 14). On January 31, 2024, this case was stayed and administratively closed pending final disposition of plaintiff's criminal proceeding in state court. Because it now appears that plaintiff's related state court criminal matter has been resolved, the Court will grant plaintiff's motion to reopen this case.

In an Order issued January 31, 2024, the Court summarized the allegations of plaintiff's complaint and concluded that he was attempting to assert civil rights violations under 42 U.S.C. § 1983. However, his § 1983 claims were based on the same facts and circumstances giving rise to his state court criminal charges in *State v. Gilliehan*, No. 21SL-CR01055-01 (21st Jud. Cir., St. Louis County), and the Court wanted to avoid making any rulings related to a pending state court case. *Id.* at 5-6 (citing *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007)). As such, the Court stayed and closed this case pending final disposition of state court criminal proceedings—including appellate and post-conviction proceedings—against plaintiff. The Court directed plaintiff to notify the Court in writing when there was a final disposition of the criminal charges pending against him in state court.

Plaintiff has filed a motion to reopen the case, stating that he was "made to take the time [*i.e.*, plea] by St. Louis County Court attorney Mia Tani Griffen." ECF No. 14 at 3. Based upon plaintiff's statements, it appears his related state court matter has reached final disposition and it is appropriate to reopen this case. Additionally, because plaintiff's original complaint was filed nearly eighteen months ago and does not include pertinent facts regarding the final disposition of plaintiff's criminal charges, the Court will order plaintiff to file an amended complaint within twenty-one days of the date of this Order. This amended complaint will completely replace the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to reopen this case is **GRANTED**. [ECF No. 14]

**IT IS FURTHER ORDERED** that the Clerk of Court shall reopen this action.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that in accordance with this Order, plaintiff shall file an amended complaint on the Court-provided form within twenty-one days of the date of this Order.

**Plaintiff's failure to comply with this Order will result in the dismissal of this action without prejudice and without further notice to plaintiff.**

Dated this 4th day of March, 2025.

                                          HENRY EDWARD AUTREY
                                          UNITED STATES DISTRICT JUDGE